UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

FREDY HUMBERTO RAMOS PELICO,

          *Plaintiff*,

  -*against*-

PGNV, LLC, et al.,

          *Defendants*.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/19

18 Civ. 09761 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

## BACKGROUND

Plaintiff, a former employee of Defendants, the owners and operators of two restaurant and catering services companies, brings this action against Defendants on behalf of himself and others similarly situated alleging eight causes of action for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleges that he worked for Defendants in additional, non-tipped roles other than as a delivery worker for more than 40 hours per week without receiving the appropriate minimum wage and overtime compensation. Plaintiff also alleges that he did not receive proper written notice regarding his pay rates, recordkeeping, and other business information from Defendants. Additionally, Plaintiff alleges that Defendants failed to provide him with accurate wage statements, and that Defendants made unlawful deductions from Plaintiff's wages. Plaintiff further requests Defendants to reimburse him for the expenses of purchasing and maintaining equipment required to perform his job.

1

The parties have now resolved their dispute, and seek approval of their settlement agreement and letter, jointly filed on June 4, 2019. Generally, the agreement is appropriate, but the Court declines to approve it in its present form.

## DISCUSSION

### I. Legal Standard

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). A district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable" before the court enters a judgment approving an FLSA settlement. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In doing so, "a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (internal citations and quotation marks omitted).

### II. Analysis

#### A. Settlement Sum and Attorney's Fees

The settlement agreement (Dkt. 37-1 (the "Agreement" or "SA")) provides for a payment from Defendants to Plaintiff and Plaintiff's counsel of $17,500.00 – $11,400.00 to Plaintiff and $6,100.00 to Plaintiff's counsel (SA ¶¶ 1-2). Since the Court is "generally not in as good a position

as the parties to determine the reasonableness of an FLSA settlement, there is a 'strong presumption in favor of finding a settlement fair.'" *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (internal citation omitted). The settlement amount – which the parties represent is in full satisfaction of any wages or penalties and liquidated damages owed to Plaintiff – is fair and reasonable. Such amount represents 57% of Plaintiff's original claim for damages in the amount of $30,843.32. (*See* Dkt. 37). This amount reflects the risks faced by each party to continuing to litigate the matter. Moreover, Plaintiff's recovery is in excess of what Plaintiff would have recovered if Defendants were to successfully establish that Plaintiff was paid in accordance with the law. (*See Id.*). Taking into account that the settlement agreement is the product of arm's-length bargaining between the parties' counsel who are experienced in wage-and-hour litigation, there is also little possibility of fraud or collusion. *See Santos v. Yellowstone Props.*, No. 15 Civ. 3986 (PAE), 2016 U.S. Dist. LEXIS 61994, at *7 (S.D.N.Y. May 10, 2016).

Defendants' counsel seeks the Court's approval of $6,100 in attorneys' fees and costs. The attorneys' fees of $5,700 are one-third of the total settlement amount, which is viewed as reasonable in this Circuit. *See, e.g., Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."). Plaintiff, however, neglected to submit billing records; consequently, there is no basis for the Court to assess whether the billing rates and work performed were reasonable. *See Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *3 (S.D.N.Y. May 16, 2017) ("As [counsels] did not ... submit contemporaneous billing records documenting, for each attorney, the hours expended and the nature of the work done, the Court does not have sufficient information to determine if the requested fee amount is fair and reasonable."); *Arango v. Scotts Co., LLC*, No 17-CV-7174 (KMK), 2019 WL 117466, at *5

3

(S.D.N.Y. Jan. 7, 2019) ("Even where attorneys' fees are sought pursuant to the percentage of the fund method, counsel must submit evidence providing a factual basis for the award."). "It may be that counsel's fee request is entirely commensurate with the amount of time that the lawyers spent on this case. But such determinations require evidence, and plaintiff's counsel has provided none." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 182 (S.D.N.Y. 2015). The Court cannot approve the attorneys' fees without reviewing the billing records, which counsel must submit.

### B. Mutual General Release

Although broad releases are disfavored, mutual limited general releases, at least in the non-collective action context, have been viewed as effective. *See Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) ("A mutual release will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes."). Here, the mutual general releases contained in the Agreement apply to Plaintiff's and Defendants' potential claims, but carve out an exception for any workers' compensation or workplace injury related claims. (Dkt. 37-1 ¶ 2). Plaintiff has not been employed by Defendants since on or about September 13, 2018, and the releases are the product of arm's length bargaining between experienced counsel. (Dkt. 1 ¶ 18); *See Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 U.S. Dist. LEXIS 202494, at *6 (S.D.N.Y. Nov. 29, 2018) ("General releases are permissible in FLSA settlements where plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual."). *See also Souza*, 2015 WL 7271747, at *5 ("A general release ... with former employees who have no ongoing relationship with the employer, makes sense in order to bring complete closure."). The mutual general releases are therefore acceptable.

4

## C. Confidentiality Provision

This Court rejects the proposed agreement's confidentiality provision. While other jurisdictions have approved settlements containing confidentiality clauses, the Second Circuit disfavors such clauses. *See, e.g., Olano v. Designs by RJR, Ltd.*, No. 17cv5703, 2017 WL 4460771, at *3 (S.D.N.Y. Oct. 6, 2017). Disclosure on the docket of the existence and terms of a settlement agreement is not sufficient in light of public policy concerns regarding confidentiality. "[A] non-disclosure agreement in an FLSA settlement, even when the settlement papers are public[ly] available on the Court's docket, is 'contrary to well-established public policy' because it inhibits one of the FLSA's primary goals – to ensure 'that all workers are aware of their rights.'" *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (quoting *Guareno v. Vincent Perito, Inc.*, No. 14 Civ. 1635 (WHP), 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014). This confidentiality provision prevents Plaintiff and Defendants from disclosing the existence of the Agreement or any of its terms and conditions except with "Plaintiff's family members ... Plaintiff's financial and legal advisors ... or any persons as required by compulsory legal process." (SA ¶ 6). Courts in this District have declined to approve similar provisions. *See, e.g., Martinez*, 2017 WL 2169234, at *2. This type of confidentiality provision is thus contrary to public policy, especially where, as here, Plaintiff styled his complaint as a collective action. The Court cannot approve a settlement agreement with a confidentiality provision.

## D. Non-Disparagement Clause

Non-disparagement clauses are disfavored in FLSA settlement agreements. "Although not all non-disparagement clauses are *per se* objectionable, if the provision 'would bar plaintiffs from making 'any negative statement' about the defendants, it must include a carve-out for truthful

5

statements about plaintiffs' experience litigating their case.'" *Lazaro-Garcia v. Sengupta Food Services, et al.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec.15, 2015) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 180 n.65). Non-disparagement clauses may be considered fair and reasonable so long as they contain "a carve-out for truthful statements about plaintiffs' experience litigating their case." *Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 U.S. Dist. LEXIS 131829, at *8 (S.D.N.Y. Aug. 6, 2018) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 180). Here, the non-disparagement clause is mutual and includes an explicit carve-out for truthful statements. The Agreement provides that the mutual non-disparagement clause "shall not apply to truthful statements made by any of the Parties regarding their experiences in the Litigation and/or the underlying facts of any claim or defense." (SA ¶ 7). The Court therefore concludes that the clause is not objectionable.

## CONCLUSION

For the reasons stated, the attorney's fees and confidentiality provision of the Agreement are objectionable. The request to approve the proposed Agreement is denied without prejudice; but will be approved upon the submission and review of the appropriate billing records, and the deletion of the confidentiality clause.

Dated: New York, New York
June 28, 2019

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge